**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| KELVIN FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-192-JSD |
| | ) | |
| COREY VAUGHN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's application to proceed in district court without prepaying fees or costs (ECF No. 2) and motion to appoint counsel (ECF No. 3). Having reviewed the application and the financial information submitted in support, the Court will grant the application and assess an initial partial filing fee of $42.50. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will order Plaintiff to file an amended complaint. The motion to appoint counsel will be denied.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a prisoner at Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. (ECF No. 1). In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $212.50, and an average monthly balance of $87.50 over the two-month period prior to case initiation.[1] (ECF No. 5). The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $42.50, which is twenty percent of Plaintiff's average monthly deposits. *See* 28 U.S.C. § 1915(b)(1).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

---

[1] Plaintiff's account statement only shows two months of transactions rather than six months as required by statute. Nonetheless, the Court will use the two-month statement to calculate the initial filing fee. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

On November 7, 2025, Plaintiff filed the instant action against Corey Vaughn of the Caruthersville police department. (ECF No. 1). Plaintiff brings this suit against Vaughn in his individual and official capacities. (*Id*.) The complaint does not follow a linear structure, and the claims are difficult to follow.

Plaintiff states Vaughn violated his constitutional rights by using deadly force to deprive Plaintiff of his life. (*Id*. at 3.) Plaintiff claims Vaughn was operating below standard and training by deploying "'deadly' pepper spray and hands of violants [sic]." (*Id*. at 4) Plaintiff states that on October 12, 2025, Vaughn used a "gun" to fire pepper spray into Plaintiff's home "after the fact." (*Id*.) Plaintiff then claims Vaughn has assaulted him seven times, though he gives no other dates

3

or circumstances of these other alleged incidents, and admits he does not know the other dates. (*Id.* at 5.)

For injuries, Plaintiff claims the following: "damage to eyes, home knee, face and back along with growing area that now got to have 'surgery' pain and suffering." (*Id.* at 4.) For relief, Plaintiff seeks $1,000,000 in damages. (*Id.* at 6.)

## Discussion

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court will direct Plaintiff to file an amended complaint.

Plaintiff fails to set forth a short and plain statement of the claim and put the defendant on notice of what he is being accused of. The claim is very difficult to read and confusing. Other than alleging Vaughn shot pepper spray into Plaintiff's house, Plaintiff does not detail any other specific action taken by Vaughn. He states Vaughn assaulted him without providing any detail for what this assault entailed. Plaintiff repeatedly says that Vaughn used deadly force but only details a single incident in which pepper spray was fired into his home. It is unclear why Vaughn was at Plaintiff's home and what may have precipitated the use of pepper spray. Based on the vague nature of the complaint, it is impossible to know how Vaughn might be responsible for the injuries Plaintiff claims. It is also unclear what Plaintiff needs surgery for and how this relates to Vaughn.

Because Plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. He must follow the instructions set forth below when amending his complaint.

## Instructions for Amending the Complaint

4

Plaintiff must type or neatly print the amended complaint on the Court's Civil Rights Complaint Form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). Plaintiff will not be allowed to supplement his complaint by interlineation or supplementation. The Court expects all of Plaintiff's claims to be within his amended complaint.

Plaintiff must prepare the amended complaint using the Court-provided form and must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the form complaint, Plaintiff must write the name of the defendant(s) he wishes to sue**. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.** *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff shall have **thirty (30) days** from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established

that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

## Motion to Appoint Counsel

Plaintiff has filed a motion for appointment of counsel. (ECF No. 3). The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has yet to state a *prima facie* claim, so it cannot be said that Plaintiff has presented a non-frivolous claim at this stage. The Court will deny Plaintiff's motion for appointment of counsel, without prejudice. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepayment of the required filing fees and costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, Plaintiff must pay an initial filing fee of $42.50. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court, and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Memorandum and Order, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 11th day of March, 2026.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

7